*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-247

MARCH TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| George A. Murphy | } | DOCKET NO. 1019-10-15 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals from his conviction of first degree aggravated domestic assault, arguing that the conviction must be reversed because the jury's responses on the jury verdict form were inconsistent. We affirm.

Defendant was charged with one count of first degree aggravated domestic assault for attempting to cause or willfully or recklessly causing bodily injury to his girlfriend on or about June 21 and June 22, 2015. At the time of trial, defendant was facing other domestic assault charges in two additional dockets. A jury trial was held on all three charges over two days in April 2016. The jury found defendant guilty of the charge concerning the June 2015 assault but acquitted defendant of the two other charges.

Regarding the charge related to the June 2015 assault, the trial court instructed the jury, in relevant part, that in order to find defendant guilty, it had to find that on or about June 21 or June 22 defendant "attempted to cause or recklessly or willfully . . . caused bodily injury" to the complainant. Defendant did not object to the charge. With respect to this charge, the jurors checked the line next to the word "GUILTY" on the jury verdict form and wrote "yes" directly below on lines next to the clause, "ATTEMPTED TO CAUSE BODILY INJURY," as well as the clause, "RECKLESSLY OR WILFULLY CAUSED BODILY INJURY." Defendant neither objected to the jury verdict form nor sought a new trial based on inconsistent verdicts.

On appeal, defendant argues that his conviction must be reversed because the trial court should have required the jury, in order to find him guilty of the charged offense, to find either that he attempted to cause bodily harm or that he recklessly or willfully caused bodily harm. According to defendant, because an attempt, by definition, does not involve a completed act, the jury produced an inconsistent verdict by indicating that he both attempted to cause bodily harm and also willfully or recklessly caused bodily harm. Because defendant did not object to either the jury instruction or the jury verdict form, we review this argument for plain error. See Givens v. State, 144 A.3d 717, 740 (Md. 2016) ("[T]o preserve for review any issue as to allegedly inconsistent verdicts, a defendant in a criminal trial by jury must object to the allegedly inconsistent verdicts or otherwise make known his or her position before the verdicts become final and the trial court discharges the

jury."). We reverse criminal convictions for plain error "only in rare and extraordinary cases" where the error "so affects the substantial rights of the defendant that it would be unjust to ignore it." State v. Dion, 154 Vt. 420, 424 (1990).

That strict standard is not met here, to the extent that there was any error at all. This Court has never required the State to prove beyond a reasonable doubt that the crime was not completed in order to obtain a conviction for an attempted crime. See United States v. Rivera-Relle, 333 F.3d 914, 920 (9th Cir. 2003) ("The vast majority of American jurisdictions reject the position that a conviction for an attempt crime is precluded by evidence of a completed offense."). Because noncompletion is not an element of attempt, and the jury was never instructed that it had to find noncompletion before it could return a guilty verdict on attempt, there was no inconsistency between the jury finding both an attempted and a completed crime. The jury's unanimous finding that the defendant not only attempted to cause bodily harm, but in fact did so, is neither logically nor factually inconsistent with its unanimous verdict. Cf. State v. Washington, 164 Vt. 609, 613 (1995) (stating that "though he succeeded in killing only one, defendant attempted to kill three people"); Travis v. Commonwealth, 327 S.W.3d 456, 461 (Ky. 2010) ("It is the case, a fortiori, that having proved that the wallet and cell phone were taken, the Commonwealth also proved the attempt to take them."). In any event, "logical consistency between verdicts is not a requirement of law, and allowing a verdict to stand that is inconsistent with the jury's determination on another count does not violate due process." State v. Carpenter, 155 Vt. 59, 64 (1990). Accordingly, defendant did not show plain error, if any error at all.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice